IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL D. VAN DEELEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-14-923 |
| | § | |
| KLEIN INDEPENDENT SCHOOL | § | |
| DISTRICT, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court are Defendants' Second Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(c) (Document No. 45) and Defendant Ellen Spalding's Third Motion to Dismiss Pursuant to Rule 12(b)(6) (Document No. 46). Having considered the motions, submissions, and applicable law, the Court determines the motions should be granted.

## I. BACKGROUND

This case arises out of the termination of Plaintiff Michael Van Deelen ("Van Deelen") as a teacher for Defendant Klein Independent School District ("Klein ISD"). Klein ISD hired Van Deelen to teach at Klein Forest High School for the 2013–2014 school year. The following are the facts pled by Van Deelen in

his Second amended Petition.[1]   When Van Deelen was a classroom teacher, his students, inter alia, verbally abused him, left class without permission, used constant profanity, assaulted and battered one another in his presence, and threatened to take violence against him.   Van Deelen reported these student discipline issues to various school officials and the Klein ISD Police Department multiple times, asking that the disruptive student not be allowed to return to his class; nevertheless, the disruptive students were returned to his class.   Because of these reports, various school officials retaliated against him, including threatening to remove him from his classroom if he did not stop reporting student discipline issues. On February 12, 2014, Van Deelen and a student engaged in a verbal and physical altercation when the student attempted to enter Van Deelen's classroom late after being told by Van Deelen that he could not enter.   After the student threatened to hurt Van Deelen and then pushed Van Deelen, Van Deelen pushed the student across the hallway and pinned him against the wall until a supervisor arrived.   This altercation was captured by a surveillance camera, but the campus administrators edited the video so that "[a]ll that remained was a video of Van Deelen shoving [the student] across the hallway for no apparent reason."[2]   Campus administrators tape recorded a meeting they had with Van Deelen about this

---

[1] *Plaintiff's Second Amended Petition*, Document No. 36.

[2] *Plaintiff's Second Amended Petition*, Document No. 36, ¶¶ 41–42.

altercation, but they destroyed the tape recording.  Later that day, Klein ISD placed Van Deelen on administrative leave and notified him that his employment would be terminated at the end of his contract term.  Thereafter, Van Deelen filed several grievances concerning his leave and ultimate termination.  Klein ISD retaliated against Van Deelen for filing those grievances, including having him issued a criminal citation for the altercation and accusing him of improper contact with a student.

On April 8, 2014, Van Deelen filed this suit against Defendants Klein ISD; Klein ISD board members (the "Board Members"); Klein ISD administrators (the "Administrators"); and Klein ISD's outside counsel, Ellen Spalding ("Spalding") (collectively, "Defendants").  On April 29, 2014, Spalding filed her first motion to dismiss.  Shortly thereafter, on May 13, 2014, Van Deelen filed a First Amended Petition, which thereby mooted Spalding's first motion to dismiss.[3]  Consequently, Spalding filed her second motion to dismiss on May 27, 2014; and Klein ISD, the Board Members, and the Administrators filed their first motion to dismiss on June 2, 2014.  Van Deelen filed a motion "seek[ing] leave to amend his [ ] First Amended Petition in order to cure pleading deficiencies," which the Court

---

[3] *See Order*, Document No. 64 (finding the motion to dismiss moot).

granted.[4]   On June 3, 2014, Van Deelen filed his Second Amended Petition, which thereby mooted Spalding's second motion to dismiss and Klein ISD, the Board Members, and the Administrators' first motion to dismiss.[5]   Consequently, on June 13, 2014, Spalding filed a third motion to dismiss; and Klein ISD, the Board Members, and the Administrators filed a second motion to dismiss.

In his Second Amended Petition, Van Deelen asserts the following claims:[6] (1) a free speech retaliation claim under the Frist Amendment pursuant to 42 U.S.C. § 1983, against all Defendants; (2) a substantive due process claim under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, against all Defendants; (3) a conspiracy claim under state and federal law, against all Defendants except Klein ISD; (4) an intentional infliction of emotional distress claim under state law, against all Defendants except Klein ISD; (5) a negligence claim under state law, against all Defendants except Klein ISD and Spalding; and (6) a claim under the Texas Whistleblower Act, against Klein ISD only.  Defendants move to dismiss all

---

[4] *Plaintiff's Motion to Amend Plaintiff's First Amended Petition*, Document No. 32 at 1.

[5] *See Order*, Document No. 64 (finding the motions to dismiss moot); *Plaintiff's Motion to Deny Defendants' Motions to Dismiss as Moot*, Document No. 42 (Van Deelen requesting the Court find the motions to dismiss moot).

[6] In the Second Amended Petition the following are listed as Defendants:  Klein ISD, seven Board Members (Ronnie Anderson, Steven Smith, Rick Mann, Paul Lanham, William Pilkington, Georgan Reitmeier, and Stephen Szymczak), eight Administrators (James Cain, Curt Drouillard, L.S. Spencer, Patricia Crittendon, Susan Murphy, Jeremy Lewis, Jan Marek, and Michelle Nance), and Spalding.

Van Deelen's claims.   Van Deelen is proceeding pro se; however, he has substantial experience suing for similar claims in federal court.[7]

## II. STANDARD OF REVIEW

Although Defendants move to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(c), the Court will analyze all claims pursuant to Rule 12(b)(6) only.  Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'"  *Ashcroft v.*

---

[7] In a similar case by Van Deelen against a different school district, that Court, after explaining in detail Van Deelen's lengthy litigation history and collecting his cases, said "that Van Deelen has a long history of engaging in extensive litigation against judges, attorneys, police and security officers, school districts, and governmental boards, commissions, employees and employers . . . . Van Deelen has had extensive experience in arguing legal issues related to § 1983 actions, including First-Amendment retaliation claims, due-process violations, and qualified immunity defenses since at least 1993." *Van Deelen v. Alamogordo Pub. Sch.*, No. CV 07-171 MV/LCS, slip op. at 3–5 (D.N.M. Mar. 12, 2008).  That Court also noted than in a week-long trial, one federal district court judge stated, "'Although proceeding pro se, Van Deelen demonstrated his knowledge of the Federal Rules of Civil Procedure and Evidence and Rules of this Court.  However, Van Deelen failed to comply with general rules governing proper courtroom decorum and respect for the Court and the judicial proceedings which he had initiated. . . . His flippant and disrespectful remarks impeded the efficient resolution of his constitutional claims. Additionally, and perhaps most offensive, Van Deelen fabricated evidence to support his claims.'"  *Id.* at 6.  Consequently, that Court saw "no reason to continue to give Van Deelen repeated opportunities to amend pleadings in the same way that it would give an inexperienced, uneducated, or disadvantaged pro se litigant."  *Id.* at 7.

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "'[A] formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

## III. LAW & ANALYSIS

*A.    Section 1983 First Amendment Free Speech Retaliation Claim*

Van Deelen has filed a free speech retaliation claim under the First Amendment pursuant to 42 U.S.C. § 1983, against all Defendants in their official and individual capacities. Defendants move to dismiss this claim alleging, inter alia, Van Deelen did not engage in protected speech. "A four-pronged test is used

to determine whether the speech of a public employee is entitled to constitutional protection from employer discipline." *Hurst v. Lee Cnty., Miss.*, 764 F.3d 480, 484 (5th Cir. 2014). "A plaintiff must establish that: (1) he suffered an adverse employment decision; (2) his speech involved a matter of public concern; (3) his interest in speaking outweighed the governmental defendant's interest in promoting efficiency; and (4) the protected speech motivated the defendant's conduct." *Id.* In addition, "[a] threshold layer to the second prong" is "that, for an employee's speech to qualify for First Amendment protection, he must be speaking as a citizen on a matter of public concern." *Id.* (citing *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006)). "[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Id.* (citing *Garcetti*, 547 U.S. at 421). However, "the mere fact that a citizen's speech concerns information acquired by virtue of his public employment does not transform that speech into employee—rather than citizen—speech." *Id.* (citing *Lane v. Franks*, 134 S. Ct. 2369, 2379 (2014)). "The critical question . . . is whether the speech at issue is itself ordinarily within the scope of an employee's duties, not whether it merely concerns those duties. *Id.* (citing *Lane*, 134 S.Ct. at 2379). Only "[w]hen a an employee is not speaking as

an employee, but rather as a citizen on a matter of public concern, does the possibility of a First Amendment claim arise. *Id.*

The speech that forms the basis of Van Deelen's First Amendment claim can be characterized as two types: reporting student behavior problems, and filing grievances about his employment status. Each type of speech is addressed in turn.

First, Van Deelen contends Defendants retaliated against him for reporting student behavior problems. Specifically, he contends Defendants retailed against him for reporting "to [Klein ISD] police, school officials and the Defendants of the violent, out-of-control, disruptive and often criminal behavior of students at Klein Forest High School, including students in [his] Geometry classes."[8] Such behavior problems included "verbal abuse of teachers and other students, constant profanity, sexual innuendo, improper dress . . . , skipping class, constant tardies, leaving class without permission, assault and battery."[9] Van Deelen also claims Defendants retaliated against him for requesting that disruptive students not be allowed to return to his classroom and for complaining that Defendants "repeatedly sent misbehaving and disruptive students back to class even though [Van Deelen] had requested that they not be allowed to return" pursuant to sections 37.002 and

---

[8] *Plaintiff's Second Amended Petition*, Document No. 36, ¶ 69.

[9] *Plaintiff's Second Amended Petition*, Document No. 36, ¶ 11.

37.003 of the Texas Education Code. [10]   Sections 37.002 and 37.003 of the Texas

Education Code provide that a teacher may remove a disruptive student from class,

and if so, the removed student may not return without the teacher's consent unless

a committee determines return is the best or only alternative available. *See* TEX.

EDUC. CODE §§ 37.002, .003.   Reporting student behavior problems, particularly of

the students' in his own class, to the Klein ISD police, Klein ISD administrators,

and other school officials is ordinarily within the scope of Van Deelen's duty as a

teacher to maintain class discipline. *See Weintraub v. Bd. of Educ. of City Sch.*

*Dist. of City of N.Y.*, 593 F.3d 196, 198, 202–203 (2d Cir. 2010) (citing *Williams v.*

*Dallas Indep. Sch. Dist.*, 480 F.3d 689, 694 (5th Cir. 2007)) (finding a teacher's

"speech challenging the school administration's decision to not discipline a student

in his class was a means to fulfill" a teacher's duty to "maintain classroom

discipline, which is an indispensable prerequisite to effective teaching and

classroom learning" (internal quotation marks omitted)); *Van Deelen v.*

*Alamogordo Pub. Sch.*, No. CV 07-171 MV/LCS, slip op. at 18 (D.N.M. Mar. 12,

2008) (dismissing a prior, similar claim by Van Deelen against a different school

district for retaliation due to reporting discipline problems at the high school

because "[a]s a matter of law, this speech is related to his duties as a teacher and is

---

[10] *Plaintiff's Second Amended Petition*, Document No. 36, ¶¶ 27, 29, 33, 36, 49, 50, 51, 55, 59.

not, therefore, constitutionally protected"). Likewise, as evidenced by sections 37.002 and 37.003 of the Texas Education Code, it is ordinarily within the scope of Van Deelen's duties as a teacher to request removal of a disruptive student, as well as to decide whether to consent to the return of a removed student to his classroom. *See* TEX. EDUC. CODE §§ 37.002, .003. For these reasons, Van Deelen's speech regarding student behavior problems was ordinarily within the scope of his duties as a teacher and did not merely concern those duties. Therefore, Van Deelen was not speaking as a citizen for First Amendment purposes when he reported student behavior problems, requested disruptive students be removed from his classroom, and complained when removed students were returned to his classroom without his consent. Accordingly, this speech is not protected by the First Amendment.

Second, Van Deelen contends Defendants retaliated against him for filing grievances about his employment status. Specifically, Van Deelen contends his "protected speech also included the grievances, complaints and notice of claim [he] made to the Defendants" and included his telling one Defendant "that he was considering filing suit against the Defendants."[11] Such various grievances, complaints, and notice of claims "concerned . . . suspension from his teaching duties" as the result of the assault incident with a student, retaliation for filing the aforementioned concern about his suspension, and "termination of [his] teaching

---

[11] *Plaintiff's Second Amended Petition*, Document No. 36, ¶ 69.

contract."[12] This speech was not within the scope of Van Deelen's duties as a teacher, as it concerned his own employment status as a teacher. Therefore, the Court must decide whether such speech involved a matter of private or public concern. *See id.* at 485. "Matters of public concern are those which can 'be fairly considered as relating to any matter of political, social, or other concern to the community.'" *Branton v. City of Dallas*, 272 F.3d 730, 739 (5th Cir. 2001) (citing *Connick v. Myers*, 461 U.S. 138, 146 (1983)). Speech that is primarily motivated by, or primarily addresses, the employee's own employment status rather than a matter of public concern does not give rise to a cause of action under § 1983. *Foley v. Univ. of Hous. Sys.*, 355 F.3d 333, 341 (5th Cir. 2003). Van Deelen's speech concerning his suspension from teaching, the subsequent retaliation, and his termination from teaching, as well as his threat to file suit, addresses his own personal employment status as a teacher with Klein ISD. He does not plead he made this speech out of political, social, or other concern for the community. Therefore, this particular speech is private speech and does not give rise to a cause of action under § 1983. Accordingly, Van Deelen's § 1983 First Amendment free speech retaliation claim is dismissed with prejudice.[13]

---

[12] *Plaintiff's Second Amended Petition*, Document No. 36, ¶¶ 51, 54, 59, 62.

[13] As additional reasons why both of Van Deelen's § 1983 claims should dismissed, the Administrators and Board Members contend the claims against them in their official capacity are redundant of the claims against Klein ISD, Klein ISD contends the essential elements of municipal liability have not been adequately pled, the

*B.     Section 1983 Fourteenth Amendment Substantive Due Process Claim*

Van Deelen has filed a substantive due process claim under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, against all Defendants in their official and individual capacities.  Specifically, Van Deelen contends Defendants violated "his right to be free of the conscience-shocking behavior of the Defendants."[14] Defendants move to dismiss this claim alleging, inter alia, Van Deelen has not pled a viable deprivation of any right protected by the Fourteenth Amendment. "Conduct sufficient to shock the conscience for substantive due process purposes" includes "conduct that violates the decencies of civilized conduct; conduct that is so brutal and offensive that it [does] not comport with traditional ideas of fair play and decency; conduct that interferes with rights implicit in the concept of ordered liberty; and conduct that is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 867 (5th Cir. 2012) (internal quotation marks omitted) (alteration in original). "[T]he burden to show state conduct that shocks the conscience is extremely high, requiring stunning evidence of arbitrariness and caprice that extends beyond mere violations of state law, even violations resulting

---

Administrators and Board Members contend they are entitled to qualified immunity, and Spalding contends she is not a state actor.  Although these contentions may very well be meritorious, the Court does not need to reach these contentions and therefore does not render an opinion as to the validity of these contentions.

[14] *Plaintiff's Second Amended Petition*, Document No. 36, ¶¶ 80, 87.

from bad faith to something more egregious and more extreme." *Id.* at 868. Van Deelen claims the following actions taken by Defendants shock the conscience: continually sending disruptive students back into his classroom, in violation of state law, even though he had demanded the disruptive students not be allowed to return; intentionally failing to assist him in the management of his violent classroom; editing the video of his physical altercation with a student to make it falsely appear that he had attacked the student without provocation; destroying a tape recording of a meeting with him regarding the physical altercation with a student because the tape recording contained exculpatory evidence; falsely causing a criminal citation to be issued against him; falsely accusing him of improper contact with a student; and demanding return of unspecified documents, under implied threat of arrest. Accepting these pleaded facts as true, they are not so brutal, egregious, outrageous, or violative of the decencies of civilized conduct as to rise to the level required to shock the conscience in violation of the Fourteenth Amendment. Accordingly, Van Deelen's § 1983 Fourteenth Amendment substantive due process claim is dismissed with prejudice.

C.    *Conspiracy Claim*

Van Deelen has filed a conspiracy claim under state and federal law, against all Defendants except Klein ISD.[15]   Defendants move to dismiss this claim, alleging, inter alia, Van Deelen has not pled facts that plausibly constitute a conspiracy claim.   "To support [federal § 1983] conspiracy claims, [a Plaintiff] must allege facts that suggest: 1) an agreement between the private and public defendants to commit an illegal act and 2) an actual deprivation of constitutional rights."   *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994) (citations omitted). "In Texas, a civil conspiracy is a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means[, and] . . . the parties must be aware of the harm or the wrongful conduct at the beginning of the combination or agreement."   *Firestone Steel Products Co. v. Barajas*, 927 S.W.2d 608, 614 (Tex. 1996).   Thus, one element of a civil conspiracy in Texas is "a meeting of the minds on the object or course of action." *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005).

---

[15] In his response brief, Van Deelen "agrees to the dismissal without prejudice of his state law conspiracy (the state component of Count 3), intentional infliction of emotional distress (Count 4) and negligence (Count 5) claims against the seven [Board Members]" because he concedes to Defendants' allegation that he failed to exhaust his administrative remedies as to his state law tort claims against the Board Members. *Plaintiff's Response to Defendants' Second Motion to Dismiss*, Document No. 56 at 2. Defendants are opposed to dismissal without prejudice, contending dismissal with prejudice is warranted for reasons other than failure to exhaust administrative remedies. For reasons explained infra, the Court agrees dismissal with prejudice of the state law claims (conspiracy, intentional infliction of emotional distress, and negligence) against the Board Members is warranted.

Van Deelen contends the object of the conspiracy was to deny him his constitutional rights, retaliate against him for filing police reports and grievances, and inflict emotional distress upon him. He also contends Defendants fraudulently induced him to accept a teaching assignment where he would be in danger, fraudulently attempted to make it appear he had assaulted a student by editing a video of the assault, intentionally destroyed a tape recording of a meeting with him that contained exculpatory evidence, knowingly caused him to be charged with a crime he did not commit, and encouraged students to assault him. Even accepting all these contentions as true, it does not mean any of the Defendants agreed amongst one another to commit these acts. Although Van Deelen pleads that "Defendants had a meeting of the minds,"[16] Van Deelen does not plead any facts to support such assertion or to provide plausible grounds to suggest an agreement was made. Such assertion is nothing more than a formulaic recitation of an element of a conspiracy claim and is a conclusory. As such, it does not suffice to state a plausible conspiracy claim. *See, e.g.*, *Twombly*, 550 U.S. at 555–57; *Anderson v. Law Firm of Shorty, Dooley & Hall*, 393 F. App'x 214, 217 (5th Cir. 2010). Accordingly, Van Deelen's conspiracy claim is dismissed with prejudice.

---

[16] *Plaintiff's Second Amended Petition*, Document No. 36, ¶ 94.

D.   *Intentional Infliction of Emotional Distress Claim and Negligence Claim*

Van Deelen has filed an intentional infliction of emotional distress claim under state law, against all Defendants except Klein ISD; and a negligence claim under state law, against all Defendants except Klein ISD and Spalding.

1.   *The Administrators and Board Members*

The Administrators and Board Members move to dismiss the state law claims, alleging, inter alia, these claims are barred by the election of remedies provision of the Texas Tort Claims Act.  The election of remedies provision of the Texas Tort Claims Act provides the following:

> The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter. . . . If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit."

Tex. Civ. Prac. & Rem. Code § 101.106(a), (e).  Because a decision to file suit against a governmental unit is an irrevocable election that forever bars recovery against any employee of the governmental unit, subsequent removal of a governmental unit from suit by amending a complaint does not foreclose dismissal of any employees from suit.  *Williams v. City of Port Arthur, Tex.*, No. 1:10-CV-823, 2012 WL 1997867, at *18–19 (E.D. Tex. June 1, 2012); *Alcala v. Texas Webb*

*Cnty.*, 620 F. Supp. 2d 795, 806–09 (S.D. Tex. 2009) (report and recommendation by Hacker, Mag., adopted by Alvarez, J.).

In this case, Van Deelen originally brought state law tort claims against Klein ISD, the Administrators, and the Board Members.[17]  It is undisputed Van Deelen's original state law tort claims against Klein ISD involve the same subject matter and arise out of the same series of facts as Van Deelen's amended state law tort claims against the Administrators and the Board Members.[18]  It is also undisputed the Administrators and the Board Members are employees of Klein ISD.[19]  Instead, Van Deelen claims the election of remedies provision should no longer apply because he has amended his complaint to remove Klein ISD as a

---

[17] *Petition*, Document No. 1, ¶¶ 80–101.

[18] *Compare Petition*, Document No. 1, ¶¶ 80–101, *with Plaintiff's Second Amended Petition*, Document No. 36, ¶¶ 93–135.

[19] The Texas Tort Claims Act defines "employee" as "a person, including an officer or agent, who is in the paid service of a governmental unit by competent authority, but does not include an independent contractor, an agent or employee of an independent contractor, or a person who performs tasks the details of which the governmental unit does not have the legal right to control." TEX. CIV. PRAC. & REM. CODE § 101.001(2). In addition, the Texas Supreme Court has considered a different statute's definition of employee when determining who is an employee under the Texas Tort Claims Act. *Franka v. Valasquez*, 332 S.W.3d 367, 373–74 (Tex. 2011); *see also Knizel v. Bozarth*, No. 04-06-00242-CV, 2007 WL 1481428, at *1–3 (Tex. App.—San Antonio May 23, 2007, no pet.) (not published). The Texas Education Code, for purpose of establishing who is immune from suit, defines "professional employee of a school district" to include "a superintendent, principal, . . . [and] a member of the board of trustees of an independent school district . . . ." Tex. Educ. Code § 22.051(a). Accordingly, the Court finds both the Administrators and the Board Members are employees of Klein ISD under the Texas Tort Claims Act.

defendant under the state law tort claims, claiming "he had inadvertently sued Defendant Klein ISD" for these claims.[20] Assuming that Van Deelen's original inclusion of Klein ISD as a defendant under these claims was inadvertent, his decision to do so is nevertheless irrevocable and forever bars recovery against the Administrators and Board Members for these claims. Van Deelen's subsequent removal of Klein ISD from these claims does not foreclose dismissal of the Administrators and Board Members as to these claims. Accordingly, the intentional infliction of emotional distress and negligence claims against the Administrators and Board Members are dismissed with prejudice.[21]

### 2. *Spalding*

Spalding (Klein ISD's outside counsel) moves to dismiss the intentional infliction of emotional distress claim alleging, inter alia, Van Deelen has not pled facts that plausibly constitute extreme and outrageous behavior, an element of an intentional infliction of emotional distress claim. The elements of an intentional infliction of emotional distress claim under Texas law are the following: "(1) the

---

[20] *Plaintiff's Reply to Defendants' Response to Plaintiff's Motion to Amend Plaintiff's First Amended Petition*, Document No. 37 at 1.

[21] The Board Members also contend the state law claims should be dismissed with prejudice because they are entitled to professional immunity. Although the Board Members may very well be entitled to professional immunity, the Court does not need to reach this issue and therefore does not render an opinion as to the validity of this contention.

defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 445 (Tex. 2004). "Extreme and outrageous conduct is conduct so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (internal quotation marks omitted).

Van Deelen contends Spalding's conduct was extreme and outrageous because she, along with the other Defendants, knowingly allowed violent students to remain in his classroom after he requested they be removed, thereby using the students as a weapon to cause distress and ultimately causing him to be assaulted. Additionally, Van Deelen contends the Defendants intimidated him to quit, manufactured false evidence of improper conduct against him, shunned him, and intentionally failed to assist him in the management of his classroom in the hope that he would be assaulted. Accepting these pleaded facts as true, they are not so outrageous, extreme, outside the bounds of decency, atrocious, or utterly tolerable as to rise to the level required to satisfy the extreme and outrageous element of an intentional infliction of emotional distress claim. Accordingly, the intentional

infliction of emotional distress claim against Spalding is dismissed with prejudice.[22]

E.    *Texas Whistleblower Act Claim*

Van Deelen has filed a claim under the Texas Whistleblower Act, against Klein ISD only.  Klein ISD moves to dismiss this claim, alleging, inter alia, Van Deelen has not plead a viable Texas Whistleblower Act Claim.  In particular, Klein ISD contends that the people to whom Van Deelen reported any violation of law are not appropriate law enforcement authority as required by the Texas Whistleblower Act.  The Texas Whistleblower Act provides the following:

> A state or local governmental entity may not suspend or terminate the employment of, or take other adverse personnel action against, a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority. . . . [A] report is made to an appropriate law enforcement authority if the authority is a part of a state or local governmental entity or of the federal government that the employee in good faith believes is authorized to: (1) regulate under or enforce the law alleged to be violated in the report; or (2) investigate or prosecute a violation of criminal law.

TEX. GOV'T CODE § 554.002.  With respect to this provision, the Texas Supreme Court has held the following:

---

[22] Spalding also contends the intentional emotional distress claim should be dismissed because it is a gap-filler tort.  Although it may very well be a gap-filler tort, the Court does not need to reach this issue and therefore does not render an opinion as to the validity of this contention.

> [P]urely internal reports untethered to the [Texas Whistleblower] Act's undeniable focus on law enforcement—those who either make the law or pursue those who break the law—fall short. . . . "[F]or an entity to constitute an appropriate law-enforcement authority under the [Whistleblower] Act, it must have authority to enforce, investigate, or prosecute violations of law against third parties outside of the entity itself, or it must have authority to promulgate regulations governing the conduct of such third parties. Authority of the entity to enforce legal requirements or regulate conduct within the entity itself is insufficient to confer law-enforcement authority status." Accordingly, [the Plaintiff] was required to have an objective good-faith belief that he was reporting violations of law . . . to an entity that could have enforced, investigated, or prosecuted similar violations against third parties—not just an entity that can internally discipline its own employees for an alleged violation.

*Univ. of Hous. v. Barth*, 403 S.W.3d 851, 857 (Tex. 2013) (quoting *Univ. of Tex. Sw. Med. Ctr. at Dallas v. Gentilello*, 398 S.W.3d 680, 682 (Tex. 2013)) (second and third alterations in original) (citations omitted); *see also Canutillo Indep. Sch. Dist. v. Farran*, 409 S.W.3d 653, 655 (Tex. 2013) (holding, in a suit against a school district, that reports to the school board, superintendants, an internal auditor did not suffice under the Texas Whistleblower Act when there was no evidence these officials had the authority to enforce the allegedly violated laws outside of the school district).

Van Deelen bases his Texas Whistleblower Act claim on his reporting of violations of sections 37.002 and 37.003 of the Texas Education Code, which provide that if a teacher removes a disruptive student from his classroom, the student may not return without the teacher's consent unless a committee

determines return is the best or only alternative available. *See* TEX. EDUC. CODE §§ 37.002, .003. Van Deelen pleads that he made multiple good-faith reports of violations of these laws to the Klein ISD Police Department, the superintendent and two associate superintendents of Klein ISD, the principal and assistant principal of Klein Forest High School, Klein ISD's outside counsel, and Klein ISD's school board members. Van Deelen does not plead that any of these people or entities have the authority to enforce, investigate, or prosecute violations of sections 37.002 and 37.003 of the Texas Education Code *against third parties outside of Klein ISD*. He only pleads he "made the reports to appropriate law-enforcement authorities," which is conclusory and thus insufficient.[23] Similarly, in his response to Klein ISD's motion to dismiss, Van Deelen makes assertions that plausibly support a good faith belief these people or entities had authority to enforce violations of sections 37.002 and 37.003 of the Texas Education Code *internally within Klein ISD*, but he does not make assertions that plausibly support a good faith belief any of these people or entities had the authority to enforce violations of sections 37.002 and 37.003 of the Texas Education Code *against third parties outside of Klein ISD*. Therefore, he has failed to state a plausible claim for relief under the Texas Whistleblower Act. Accordingly, his Texas Whistleblower Act claim is dismissed with prejudice.

---

[23] *Plaintiff's Second Amended Petition*, Document No. 36, ¶ 140.

F.    *Leave to Replead*

Van Deelen requests leave to amend his complaint if the Court finds deficiencies in his complaint.  However, the Court has already allowed Van Deelen to amend his complaint twice, yet neither of the past two amendments cured the pleading deficiencies and thus further amendment would likely be futile.  Because of the multiple amended complaints, Defendants have had to file multiple motions to dismiss.[24]  If Van Deelen were allowed a third chance to amend his complaint and the third amended complaint did not cure his pleading deficiencies, Defendants would have to file yet another motion to dismiss.  Moreover, the discovery deadline has now passed, the dispositive motion filing deadline is very near, and trial is scheduled to commence in as soon as three months.  Allowing Van Deelen to file a third amended complaint would unduly prejudice the Defendants.  Accordingly, Van Deelen is not granted leave to amend his complaint, and all of his claims against Defendants are dismissed with prejudice pursuant to Rule 12(b)(6).

---

[24] *See supra* Part I (discussing the procedural history of the filing of the amended complaints and motions to dismiss).

## IV.  CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendants' Second Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(c) (Document No. 45) is **GRANTED**.  The Court further

**ORDERS** that Defendant Ellen Spalding's Third Motion to Dismiss Pursuant to Rule 12(b)(6) (Document No. 46) is **GRANTED**.

The Court will issue a separate Final Judgment.

SIGNED at Houston, Texas, on this **30** day of March, 2015.

_____
DAVID HITTNER
United States District Judge