THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MICHAEL D. VAN DEELEN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 4:14-cv-0923 |
| | § | |
| **KLEIN INDEPENDENT SCHOOL** | § | |
| **DISTRICT,** *et al*. | § | |
| | § | |
| **Defendants.** | § | |

### DEFENDANTS' MOTION FOR PRE-FILING INJUNCTION AND REQUEST FOR EXPEDITED CONSIDERATION

Defendant Klein Independent School District Board of Trustees ("KISD" or "the District"), Defendants James Cain, Curt Drouillard, L.S. Spencer, Patricia Crittendon, Susan Murphy, Jeremy Lewis, Jan Marek, Michelle Nance, Ronnie Anderson, Steven Smith, Rick Mann, Paul Lanham, William Pilkington, Georgan Reitmeier, Stephen Szymczak, and Ellen Spalding (collectively, "the Individual Defendants"), and attorneys for KISD and the Individual Defendants Paul Lamp and Cory Rush, (collectively, "Defendants' Attorneys") file this Motion for Pre-Filing Injunction and Request for Expedited Consideration as follows:

### Introduction and Relevant Factual Background

As the Court is well-aware, this case arose from the termination of Plaintiff Michael Van Deelen's employment as a teacher at KISD. In its March 31, 2015

Order dismissing Van Deelen's federal and state law claims against KISD and the Individual Defendants, the Court referenced that KISD terminated Van Deelen's employment after "Van Deelen pushed the student across the hallway and pinned him against the wall until a supervisor arrived." Dkt. 66 at pp. 2-3.

As the prevailing parties in this matter, KISD and the Individual Defendants (excluding Defendant Ellen Spalding, a private attorney), filed their Motion For Attorneys' Fees, seeking to recover their fees expended in defending against Van Deelen's frivolous constitutional claims pursuant to 42 U.S.C. Section 1988. Dkt. 70. On June 10, 2015, the Court denied the Motion for Attorneys' Fees, holding that Van Deelen's claims, "although dismissed, did not rise to the standard required to award attorney's fees to Defendants." Dkt. 81. Nevertheless, the Court warned Van Deelen as follows:

> [T]he Court cautions Plaintiff that he may have to pay a defendant's attorney's fees in the future if he maintains any pending suit or files any suit in the future that is frivolous, unreasonable, or groundless according to applicable law.

*Id.*

The very day that the parties received electronic notification of the Court's admonishment to Van Deelen against filing frivolous, unreasonable, or groundless lawsuits in the future, Van Deelen emailed Defendants' Attorneys the following threat of litigation:

Mr. Lamp:

> It is my view that you, Mr. Rush and your clients have defamed me in your recent court filings seeking attorneys' fees, particularly in your Defendants' Reply to Plaintiff's Response to Defendants' Motion for Attorney Fees . . . . If you know of any applicable law or statute that precludes me from filing suit against you, Mr. Rush or your clients for defaming me in court filings, please let me know at your earliest convenience.

June 11, 2015 Email, attached as Exhibit 1.  Defendants' Attorneys did not respond to Van Deelen's invitation to provide him with legal advice regarding the viability of his prospective defamation claim arising from statements made in pleadings to this Court.

Thereafter, on June 26, 2015, Van Deelen emailed Defendant Dr. James Cain, Superintendent of KISD, notifying him that "a malicious prosecution claim" had accrued "as the result of the charges levied against [him] for assault by touching (initial case number: Klein I.S.D. citation number C11133) being dismissed." June 26, 2015 Email, attached as Exhibit 2. The citation to which Van Deelen refers is the criminal citation he received for "pinning" the KISD student against the lockers. Citation C11133, attached as Exhibit 3. Van Deelen, who was convicted of assault by contact, a Class C misdemeanor, in a justice of the peace court, appealed the conviction to Harris County District Court. Criminal Appeal Documents, attached as Exhibit 4. The charges were dismissed against Van Deelen on June 26, 2015, because the complaining witness declined to pursue the criminal charges due to personal and financial hardships imposed upon him by

3

trial. *Id.* That same day, Van Deelen warned Dr. Cain that he intended to bring a new malicious prosecution claim against, "Klein ISD, the Klein ISD police department and certain Klein ISD employees and agents including, but not limited to, you, the school board, Mr. Drouillard and Klein ISD attorneys Ellen Spalding and Paul Lamp." Exh. 3.

Finally, as the Court is aware, Van Deelen previously filed a separate lawsuit against KISD Board Member William Pilkington (also a Defendant in the instant lawsuit), Pilkington's wife, and another KISD employee, originally filed in state court and now pending before the Honorable Judge Alfred H. Bennett, styled *Van Deelen v. Pilkington, et al.*, C.A. No. 4:14-cv-02771 (involving claims of First Amendment retaliation under Section 1983 and state law tort claims). The Defendants in *Pilkington* have filed a motion to dismiss pursuant to Rule 12(b)(6), which remains pending before Judge Bennett. On June 29, 2015, however, Van Deelen filed a Notice of Dismissal Without Prejudice and disclosed to the undersigned his intent to "amend and refile at a later date." *See* June 29, 2015 Email and Notice of Dismissal Without Prejudice, attached as Exhibit 5.

Based on the totality of Van Deelen's recent actions, it is readily apparent that Van Deelen soon plans to file an omnibus lawsuit against KISD, the Individual Defendants, Defendants' Attorneys, and the defendants in the *Pilkington* matter.

Van Deelen's recent threats of litigation against KISD, the Individual Defendants, the Defendants' Attorneys, and other agents of KISD are consistent with his *modus operandi* of "engaging in extensive litigation against judges, attorneys, police and security officers, school districts, and governmental boards, commissions, employees and employers." *Van Deelen v. Alamogordo Pub. Sch.*, No. CV 07-171 MV/LCS, slip op. at 3-5 (D.N.M. Mar. 12, 2008); *see also Van Deelen v. City of Kansas City,* 2006 U.S. Dist. LEXIS 50734, *49 n.9 (W.D. Mo. July 24, 2006) (listing Van Deelen's history of filing *pro se* lawsuits in an order sanctioning Van Deelen by prohibiting him from filing further *pro se* lawsuits without permission of the court). As described below, in order to protect them from Van Deelen filing duplicative and harassing lawsuits, KISD, the Individual Defendants, and the Defendants' Attorneys respectfully request that the Court exercise its inherent powers and its authority under the All Writs Act to prospectively enjoin Van Deelen from filing additional lawsuits related to the underlying facts of this case, which would unnecessarily subject them to the burden and expense of defending against such claims.

## Arguments and Authorities

A. *This Court Has The Inherent Power, As Well As Authority Under The All Writs Act (28 U.S.C. § 1651(a)), To Prevent Van Deelen From Filing Additional Lawsuits.*

> Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and

5

> decorum, in their presence, and submission to their lawful mandates. These powers are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. . . . Because of their very potency, inherent powers must be exercised with restraint and discretion.

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). One inherent power of a district court is the ability to enjoin a litigant from pursuing repetitive litigation in an effort to protect defendants from vexatious litigation because "[t]here is no good reason to put [a defendant] to the harassment of an expensive, time-consuming procedure to prove its res judicata or estoppel claims in another court." *Kentucky Fried Chicken Corp. v. Diversified Packaging Corp.*, 552 F.2d 601, 603 (5th Cir. 1977); *see Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187 (5th Cir. 2008) ("A district court has jurisdiction to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation."); *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986) ("[W]here monetary sanctions are ineffective in deterring vexatious filings, enjoining such filings [can] be considered."); *Van Deelen v. City of Kansas City*, 2006 U.S. Dist. LEXIS 50734 at *44 ("To prevent further harassment of the City and its employees by the filing of harassing, abusive and meritless litigation, the Court finds it necessary to enjoin Van Deelen from filing future pro se lawsuits against the City and its employees.").

Similar to the inherent powers of the Court, the All Writs Act (28 U.S.C. § 1651(a)) ("AWA") empowers a district court to enjoin a litigant from initiating

6

state court proceedings as necessary to protect the court's jurisdiction. The AWA provides the following:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usage and principles of law.

28 U.S.C. § 1651(a). As noted by the Fifth Circuit Court of Appeals, "[i]t is widely accepted that federal courts possess power under the [AWA] to issue narrowly tailored orders enjoining repeatedly vexatious litigants from filing future state court actions without permission from the court." *Newby v. Fleming & Assoc. L.L.P.*, 302 F.3d 295, 301 (5th Cir. 2002). Indeed, federal courts have the power under the AWA to "enjoin litigants who are abusing the court system by harassing their opponents." *Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980).

**B.** ***Van Deelen's Conduct Compels the Imposition of a Pre-Filing Injunction.***

Van Deelen's demonstrated intent to continue harassing KISD, the Individual Defendants, and Defendants' Attorneys leaves these defendants and their agents with no choice but to request that the Court enter an injunction barring Van Deelen from filing additional lawsuits without first obtaining leave of this Court. In determining whether a pre-filing injunction should be imposed, a court must weigh all the relevant circumstances, including the following four factors:

>   (1)   the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits;
>   (2)   whether the party had a good faith basis for pursuing the litigation, or simply intended to harass;
>   (3)   the extent of the burden on the courts and other parties resulting from the party's filings; and
>   (4)   the adequacy of alternative sanctions.

*Baum*, 513 F.3d at 189 (further noting that "the traditional standards for injunctive relief, i.e. irreparable injury and inadequate remedy at law, do not apply to the issuance of an injunction against a vexatious litigant," and that notice and a hearing are required if a pre-filing injunction is imposed *sua sponte*). Key to the power to enjoin a litigant from filing additional lawsuits is narrowly tailoring the injunction to balance the need to protect parties from frivolous or vexatious lawsuits against legitimate rights of a litigant to pursue a viable claim. *See id.* ("[I]njunction against future filings must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants. . . . And with the simple expedient of leave of court, claims against these same parties, which might be taken as similar, may be presented."); *Terra v. Rabo Agrifinance, Inc.*, No. 11-11166, 2012 U.S. App. LEXIS 26291, at *6 (5th Cir. Dec. 21, 2012) ("A narrowly-tailored injunction is an appropriate sanction to protect this court's judgments and to prevent the continued filing of vexatious litigation.") (unpublished). In sum, and as demonstrated below, the balance of these factors compels the issuance of an anti-suit injunction to prevent Van Deelen from continuing to abuse the court

system in his vendetta against KISD, the Individual Defendants, and the Defendants' Counsel.

> 1. *Van Deelen's long history of vexatious litigation against public entities, public officials, and attorneys.*

Van Deelen's litigious history is documented in court opinions from three federal circuits from 1993 to the present. *See* Dkt. 66 at p. 5 & n.7 (quoting *Van Deelen v. Alamogordo Pub. Sch.*, No. CV 07-171 MV/LCS, slip op. at 3-5); *Van Deelen v. City of Kansas City,* 2006 U.S. Dist. LEXIS 50734, *49 n.9 (W.D. Mo. July 24, 2006) (listing Van Deelen's history of filing *pro se* lawsuits in an ordering monetary sanctions against Van Deelen and prohibiting him from filing further *pro se* lawsuits without permission of the court); *see also* PACER Report, attached as Exhibit 6.[1] Van Deelen's latest forum is Texas. In addition to filing the instant action and the above-mentioned *Pilkington* lawsuit, Van Deelen has filed two state court lawsuits against his former students at Klein Forest High School, alleging civil assault and battery in one lawsuit and defamation in the other, arising from the same incident underlying the termination of his employment from KISD. *See* Van Deelen's Lawsuits Against Students, attached as Exhibit 7.

Beyond the sheer numerosity of Van Deelen's previous and pending lawsuits, the district courts' opinions in *Van Deelen v. Alamogordo* and *Van*

---

[1] True and correct copies of the district courts' opinions in *Van Deelen v. Alamogordo* and *Van Deelen v. City of Kansas City*, and all other court opinions arising from Van Deelen's litigation history are included in the attached Appendix.

*Deelen v. City of Kansas City*, shed light on Van Deelen's pattern of engaging in vexatious and harassing behaviors during litigation. In *Van Deelen v. City of Kansas City*, Honorable Judge Gary Fenner, *sua sponte*, ordered Van Deelen to "show cause as to why he should not be sanctioned for his egregious conduct throughout the course of this litigation." *Van Deelen v. City of Kansas City*, 2006 U.S. Dist. LEXIS 50743 at *1. Hon. Judge Fenner found that Van Deelen's following behaviors warranted to imposition of sanctions:

> Van Deelen failed to comply with general rules governing proper courtroom decorum and respect for the Court and the judicial proceedings which he had initiated. Throughout the trial Van Deelen repeatedly interrupted and argued with the Judge, counsel for the City and numerous witnesses. Van Deelen presented a voluminous amount of cumulative and irrelevant evidence wasting valuable judicial resources. His flippant and disrespectful remarks impeded the efficient resolution of his constitutional claims. Additionally, and perhaps most offensive, Van Deelen fabricated evidence to support his claims.

*Id.* at *2-*3. Additionally, "Following the third day of trial, Van Deelen filed a civil complaint against Judge Fenner alleging various violations of his constitutional rights. See Van Deelen v. Fenner, Case No. 4:06-CV-162-HFS. The next day, Van Deelen dismissed his claims against Judge Fenner." *Id.* at *28. Hon. Judge Fenner concluded that "Van Deelen filed this lawsuit in bad faith, with the intention of harassing the City and its employees." *Id.* at *32. Accordingly, pursuant to the court's inherent powers, Hon. Judge Fenner imposed a monetary sanction against Van Deelen in the amount of $6,000 and ordered that he be

enjoined from "filing future pro se litigation against the City, its agents and employees" in order to "prevent Van Deelen from engaging in such conduct in the future." *Id.*[2]

In *Van Deelen v. Alamogordo*, Honorable Judge Martha Vazquez devoted approximately four pages of her opinion analyzing the defendants' motions to dismiss to summarizing Van Deelen's troubling *pro se* litigation history. *Van Deelen v. Alamogordo Pub. Sch.*, No. CV 07-171 MV/LCS, slip op. at 3-6. The following citations in Hon. Judge Vazquez's opinion illuminate Van Deelen's vexatious, harassing, and duplicative litigation history:

- *Van Deelen v. Eudora Amateur Baseball Ass'n*, No. 93-2319 WL 390376 (D. Kan. Sept. 23, 1993) (dismissing Van Deelen's Section 1983 claims and noting that Van Deelen had also filed a state-court case with different claims and additional defendants arising from the same events);

- *Van Deelen v. City of Eudora*, No. 96-4040, 1996 WL 70715 (D. Kan. Nov. 5, 1996) (imposing Rule 11 sanctions because Van Deelen alleged claims that he had already released as part of a settlement agreement with one of the defendants);

- *Van Deelen v. Ramirez*, No. 00-4067, 2001 WL 789275 (D. Kan. May 1, 2001) (dismissing Van Deelen's First Amendment retaliation claim against board of county commissioner's and its attorney after the attorney instructed Van Deelen that, because of Van Deelen's "contentious phone conversations," the attorney and

---

[2] On appeal, the Eighth Circuit affirmed Hon. Judge Fenner's imposition of the monetary sanction, but modified the anti-suit injunction against Van Deelen to apply only to district courts within that circuit. *See Van Deelen v. City of Kansas City*, 262 F. App'x 723, 723-24 (8th Cir. 2007).

his staff would only communicate with him in writing, and noting that Van Deelen was characterized as a "professional litigant.");

- *Van Deelen v. McAnany*, No. 03-1408 (D. Kan. Jan. 27, 2004) (dismissing Section 1983 action against state-court judge in Johnson County, Kansas who was presiding over five state-court actions in which Van Deelen was the plaintiff);

- *Van Deelen v. Shawnee Mission Unified Sch. Dist.*, 316 F. Supp. 2d 1052 (D. Kan. 2004) (dismissing First Amendment retaliation claim against school district and principals for retaliating against Van Deelen for threatening to file suits and for filing a separate state-court suit against the same defendants);

- *Van Deelen v. City of Kansas City, Mo.*, No. 05-2028, 2006 WL 1301000 (D. Kan. May 9, 2006) (noting that Van Deelen asserted constitutional and tort claims against his city employer and the city attorney for retaliating against him after he filed two state-court lawsuits against the city and its employees);

- *Van Deelen v. Fairchild*, No. 05-3468, 2006 WL 2507599 (10th Cir. Aug. 31 2006) (affirming dismissal of a lawsuit against six state-court judges – who were presiding over several state-court suits brought by Van Deelen in Douglas County, Kansas – and a judicial assistant for First Amendment retaliation, negligent supervision, and defamation after one judge informed Van Deelen that, because of his oral threat to sue the judge and his administrative assistant, all communication should be in writing);

- *Van Deelen v. City of Kansas City, Mo.*, Nos. 06-1896, 06-3058, 2007 WL 3101816 (8th Cir. Oct. 19, 2007) (affirming district court's conclusion that Van Deelen had filed suit alleging constitutional violations arising from the termination of his employment with the city "maliciously to vex and annoy the city.")

*Van Deelen v. Alamogordo Pub. Sch.*, No. CV 07-171 MV/LCS, slip op. at 3-6.

Accordingly, the first factor for determining the appropriateness of an anti-suit

injunction is readily established by Van Deelen's vexatious, harassing, and duplicative litigation history.

  2. *Van Deelen lacks any objective, good faith motive for filing additional lawsuits.*

Van Deelen's proposed defamation and malicious prosecution claims are frivolous on their face, and there can be no objective expectation of success. Regarding his purported defamation claim, Van Deelen contends that the allegedly defamatory statements were published in KISD's and the Individual Defendants' (excluding Spalding) Motion for Attorneys' Fees and Reply Brief (Dkts. 70, 78). Exh. 1. It is well-settled in Texas that communications contained in pleadings filed during the course of litigation are absolutely privileged and cannot serve as the basis for a defamation claim. *See Shanks v. AlliedSignal, Inc.,* 169 F.3d 988, 995 n.8 (5th Cir. 1999) (citing *Reagan v. Guardian Life Ins.,* 166 S.W.2d 909, 912 (Tex. 1942)). Further, regarding Van Deelen's prospective malicious prosecution claim, Van Deelen has already disclosed that this action will involve the same parties that are defendants in the instant lawsuit, and the claim arises from the very same action that led to the termination of his employment—*i.e.* the "pinning" the KISD student against the lockers—which involves the same operative facts underlying Van Deelen's federal and state law claims that were dismissed in this

13

lawsuit. Exhs. 2-4; Dkts. 36, 66.[3] Because the malicious prosecution claim involves the same defendants, the same operative facts, and the same election of remedies defense that the Court already ruled upon, *res judicata* principles will likely be implicated should Van Deelen file a lawsuit alleging malicious prosecution. *See Chavers v. Hall*, 488 F. App'x 874, 878 (5th Cir. 2012). Therefore, Van Deelen has no legitimate expectation of prevailing on the merits of either of his proposed tort claims, and his threat of new litigation appears to be nothing more than another example of Van Deelen's *modus operandi* of filing abusive, harassing, and vexatious lawsuits.

### 3. *Van Deelen unnecessarily burdens the courts.*

Van Deelen's filings in this lawsuit have forced not only substantial costs on the litigants, but also on the Court, which expended substantial time and resources to address Van Deelen's meritless claims. As the Court is aware, Van Deelen has appealed this Court's order dismissing his lawsuit to the Fifth Circuit. Dkt. 69. This case, which never progressed to discovery or pre-trial filings, nonetheless generated an appellate record consisting of 1016 pages, including Van Deelen's three prolix complaints (Dkts. 1, 24, 36) (which required multiple motions to dismiss to be filed by the defendants (Dkts. 20, 31, 33, 45, 46)), and his patently

---

[3] In his Second Amended Petition, Van Deelen alleged that the pursuit of criminal charges against him arising from his alleged assault of the student formed the basis of his First Amendment retaliation claim, his substantive due process claim, his conspiracy claim, and his intentional infliction of emotional distress claim. Dkt. 36 at ¶¶ 72, 84, 103, and 117.

14

frivolous "Motion to Compel Defendant Attorney Paul Lamp to Sever Clients" (Dkt. 22), "Motion for Gag Order" (Dkt. 30), and his Motion for Sanctions" (Dkt. 49). KISD and the Individual Defendants (excluding Spalding) have been forced to pay attorneys' fees in excess of $25,000 to address Van Deelen's claims and to respond to his frivolous motions outlined above, which as a public entity and its employees, is an expense ultimately shouldered by taxpayers. Dkt. 70. This experience is undoubtedly mirrored by the public defendants in Van Deelen's previous lawsuits. Accordingly, the Court should take this opportunity to staunch the loss of resources—both public and judicial—that has resulted from Van Deelen's ceaseless filings in federal and state courts in at least three jurisdictions. *See Lundahl v. Hawkins*, 2009 U.S. Dist. LEXIS 69751, *27-*28 (W.D. Tex. Aug. 10, 2009) (instituting a pre-filing injunction against a *pro se* litigant who had engaged in extensive, harassing litigation in several federal circuits), *aff'd Lundahl v. Hawkins*, 407 F. App'x 777, 778 (5th Cir. 2011).

    4.    *Only an injunction will prevent further vexatious litigation by Van Deelen.*

Only a filing injunction restricting Van Deelen's access to federal and state court can protect the courts, KISD, the Individual Defendants, and other parties from future harassment. Van Deelen's recent activity demonstrates that he intends to perpetually engage in litigation against KISD and its employees and agents. Exhs. 1-2. Indeed, the existence of a pre-filing injunction against Van Deelen in

the Eighth Circuit and his demonstrated intention to avoid federal court by dismissing the *Pilkington* lawsuit to "amend and refile" (presumably in state court), demonstrate that he is intent on continuing his campaign of harassing litigation into perpetuity. Only an injunction that prevents Van Deelen from filing future lawsuits against KISD, the Individual Defendants, and the Defendants' Attorneys, in either federal or state court, related to the claims already dismissed by this Court, will prevent further vexatious litigation by Van Deelen. Thus, KISD, the Individual Defendants, and the Defendants' Attorneys respectfully request that the Court issue an injunction that is narrowly-tailored to achieve this goal.

## **Prayer**

Defendants Klein Independent School District, James Cain, Curt Drouillard, L.S. Spencer, Patricia Crittendon, Susan Murphy, Jeremy Lewis, Jan Marek, Michelle Nance, Ronnie Anderson, Steven Smith, Rick Mann, Paul Lanham, William Pilkington, Georgan Reitmeier, Stephen Szymczak, and Ellen Spalding and attorneys for KISD and the Individual Defendants Paul Lamp and Cory Rush, respectfully request that the Court grant this Motion and enter an order to enjoin Plaintiff Michael Van Deelen from filing any additional related lawsuits, and specify that Plaintiff must first seek and obtain leave of court before filing any more lawsuits in state or federal court that raise claims related to: (1) any person

who encountered or came into contact with Van Deelen in any capacity in this litigation, including but not limited to KISD, the Individual Defendants, the Defendants' Attorneys, and any court personnel; and (2) the claims or factual allegations Van Deelen asserted in this action, could have asserted in this action, or based on any filing or order issued in this action.  Further, due to Van Deelen's impending threat of litigation, KISD, the Individual Defendants, and Defendants Attorneys respectfully request that the Court expedite its consideration of this Motion.

        Respectfully submitted,

        ROGERS, MORRIS & GROVER, L.L.P.

        _____
        PAUL A. LAMP
        Attorney-in-Charge
        State Bar No. 24002443
        Fed. I.D. 21711
        plamp@rmgllp.com
        C. CORY RUSH
        State Bar No. 24074989
        Fed. I.D. 1125441
        crush@rmgllp.com
        5718 Westheimer, Suite 1200
        Houston, Texas 77057
        Telephone:  713/960-6000
        Facsimile:   713/960-6025

        **ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 1, 2015, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system. I also hereby certify that I have sent the foregoing document by email PDF to the following address:

>Michael Van Deelen
>6014 Capella Park Drive
>Spring, Texas 77379
>*(via email PDF)*

_____
Attorney for Defendants